FOR THE

## COUNTY OF RUTLAND,

FEBRUARY TERM, 1851.

---

PRESENT,

Hon. STEPHEN ROYCE, CHIEF JUDGE.
Hon. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
Hon. DANIEL KELLOGG, }

---

STATE v. EPHRAIM F. CLARK.

*Indictment. License law.*

An indictment for a violation of the the license law of 1846 is sufficient, upon motion in arrest of judgment, although it only negate the respondent's being licensed " to sell distilled spirituous liquors," and allege a single act of sale.

INDICTMENT, in four counts, for a violation of the license law of 1846. The second count was in these words :—

"And the jurors aforesaid, on their oath aforesaid, farther present, " that the said Ephraim F. Clark, on the 10th day of July, A. D. " 1849, at Pawlet, not being then and there licensed to sell distilled " spirituous liquors, as is required by the statute laws of this state, " did then and there sell to Peter Bowman distilled spirituous liquors,

" in a less quantity than one pint, to wit, rum, gin and brandy, by " the gill, half gill, and glass, contrary to the form and effect of the " statute in such case made and provided, and against the peace and " dignity of the state."

A *nolle prosequi* was entered as to all the counts, except the second; and as to that count the respondent pleaded guilty, and then moved in arrest of judgment, for the insufficiency of the count.

The county court, April Term, 1850,—HALL, J., presiding,— overruled the motion and rendered judgment upon the plea. Exceptions by respondent.

*F. Potter* for respondent.

The second count does not charge the respondent with dealing in the selling of distilled spirituous liquors. The mere selling is not declared to be unlawful by the statute of 1846, as it was by the Rev. St., 397. The statute does not apply to one who might make an occasional or accidental sale, not being a *dealer*. A single act of selling does not make a man a hawker, so that he ought to take a license. *Rex* v. *Little*, 1 Burr. 609. It is said in *Patman* v. *Vaughan*, 1 T. R. 572, that to constitute one a trader, so as to render him subject to the bankrupt laws, he must deal in a business, with the intention of continuing in it, and be ready at all times to furnish customers whenever they call. *Ex parte Patterson*, 1 Rose 402. *Ex parte Maginnis*, Ib. 84. *Ex parte Moole*, 14 Ves. 603.

*June*, state's attorney, relied upon the case of *State* v. *Chandler*, 15 Vt. 425.

The opinion of the court was delivered by

REDFIELD, J. It seems to us, that this case is controlled by that of *State* v. *Chandler*, 15 Vt. 425. That was a case under the Revised Statutes, and this under the statute of 1846. But the statutes, in regard to what shall constitute the offence, are nearly identical,— and wholly so in their purport and preface. Both evidently intend to make each act of selling penal. The statute of 1846 is, perhaps, on this point, more explicit than the Revised Statutes. That statute expressly provides, that " for each quantity of less than one pint " he shall incur a penalty; and if more than one distinct offence be

incurred, he may be prosecuted for all such offences;—so that it would be in vain to attempt to distinguish this statute from the Revised Statutes in this respect; and the case of *State* v. *Chandler* must govern this.

Judgment, that the respondent take nothing by his exceptions, or motion, and that he pay a fine of ten dollars and cost.